SALVATORE AMBROSINO, Respondent, v. CIE DE NAVAGACAO LLOYD BRASILEIRO, Appellant.— Appeal by defendant from a judgment for the plaintiff, entered upon the verdict of a jury, in an action to recover damages for personal injuries. Plaintiff was a stevedore, employed by an independent contractor, engaged in unloading a part of the cargo of a ship owned and operated by the defendant. He was injured by the falling of bags from a part of the cargo that was not

being removed but which was being held in the ship for unloading at another port. The negligence of the defendant and the freedom of the plaintiff from contributory negligence were questions of fact for the jury. This court, having examined the facts, would not reverse on the facts. However, the judgment appealed from is reversed on the law and a new trial granted, with costs to abide the event. It was prejudicial error for the court to exclude the testimony of Dr. Goldberg and his office record (Defendant's Exhibit " A " for identification) with respect to the cause of the accident, as stated to the doctor through an interpreter when the plaintiff visited the doctor at his office. According to the record, the interpreter accompanied the plaintiff and was not called in by the doctor. The plaintiff thereby adopted the interpreter as his agent and the statements of the interpreter to the doctor as to what the plaintiff gave as the cause of the accident were provable in evidence, without the production of the interpreter to verify the accuracy of his translation. (See *People* v. *Sing*, 242 N. Y. 419.) It was also prejudicial error for the trial court to allow the testimony (fols. 214–215) as to what was done by the defendant in the way of precautions after the accident. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur. [See *post*, p. 961.]